IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO CRUZ HERNANDEZ, F-11032,  )<br>  )<br>  Petitioner,  )<br>  )<br>vs.  )<br>  )<br>FERNANDO GONZALEZ, Warden,  )<br>  )<br>  Respondent.  )<br>_____ ) | No. C 10-5352 CRB (PR)<br><br>ORDER OF DISMISSAL<br><br>(Docket # 2) |

I.

Petitioner, a prisoner at the California Correctional Institution in Tehachapi, has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a $4,000 restitution fine imposed by the Monterey County Superior Court in December 2005 as part of a 10-year sentence for lewd or lascivious acts. Petitioner also moves for leave to proceed in forma pauperis under 28 U.S.C. § 1915 (docket # 2), which, good cause shown, is granted.

II.

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254(a) uses the term "in custody" twice, with two different requirements. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). The first usage (i.e., that the petition be filed "'in behalf of a person in custody'") requires that

1 there be a restraint on the petitioner's liberty.  Id. at 978-79.  The second usage
2 (i.e., that the application may be entertained "'only on the ground that he is in
3 custody in violation of the Constitution or laws or treaties of the United States'")
4 requires "a nexus between the petitioner's claim and the unlawful nature of the
5 custody."  Id. at 979-80.  For the second requirement to be satisfied, success on
6 the claim must result in a change in the restraint on the petitioner's liberty.  Id. at
7 980.

Petitioner's claims that the trial court unlawfully imposed an excessive restitution fine and that trial counsel was ineffective for failing to object to the restitution fine fail to satisfy the second custody requirement because success on the claims might cause the restitution fine to be set aside but would not affect any restraint on petitioner's liberty.  See id. at 980-81 (imprisoned petitioner failed to satisfy custody requirement for his petition challenging only the restitution component of his sentence because the "elimination or alteration of a money judgment, does not directly impact – and is not directed at the source of the restraint on – his liberty" as long as he has to serve the rest of his prison sentence in the same manner).

### III.

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED for want of "in custody" jurisdiction.

The clerk shall terminate all pending motions as moot, enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED:  Nov. 30, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\Hernandez, P1.dismissal.wpd